## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PRITPAL SINGH,                          :     No. 3:26cv998
                    Plaintiff           :
                                        :     (Judge Munley)
                                        :
    v.                                  :
                                        :
CRAIG A. LOWE, in his official          :
capacity as Warden of Pike County       :
Correctional Facility in Lords Valley,  :
PA; BRIAN MCSHANE, in his official      :
capacity as Acting Philadelphia Field   :
Office Director, United States          :
Immigration and Customs                 :
Enforcement; TODD LYONS, in his         :
Official capacity as Acting Director of :
Immigration and Customs                 :
Enforcement; MARKWAYNE MULLIN, :
in his official capacity as             :
Secretary of the Department of          :
Homeland Security; THE U.S.             :
DEPARTMENT OF HOMELAND                  :
SECURITY; and TODD BLANCHE,             :
Acting Attorney General of the          :
United States,                          :
                    Defendant           :

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by Pritpal Singh

pursuant to 28 U.S.C. § 2241. (Doc. 1, as supplemented by Doc. 7). Petitioner

challenges his present detention at the Pike County Correctional Facility ("Pike

CCF") by Immigration and Customs Enforcement ("ICE") and the Department of

Homeland Security ("DHS").  For the reasons set forth below, the petition will be denied without prejudice.

Singh is a native and citizen of India. (Doc. 4-2, Resp. Ex. 1, I-213, at 2). His wife is a United States citizen. Id.  His children are United States citizens. (Doc. 1, ¶ 13).  Prior to his arrest, Singh was employed in the Lehigh Valley. Id. ¶ 1.

According to respondents' records, Singh entered the United States on an artist or entertainer visa in January 1998. (Doc. 4-2, Resp. Ex. 1, I-213, at 3).  He had authorization to remain in the country for approximately 30 days. Id.  He has stayed for almost 30 years.

In June 1998, Singh filed an application for asylum and withholding of removal. Id.  The United States Citizenship and Immigration Service issued a Notice to Appear in August 1998 charging Singh as removable because he was an individual whose visa or other admission document had been revoked. Id. In February 1999, an immigration judge ("IJ") denied Singh's applications for withholding. (Doc. 4-3, Resp. Ex. 2, 02/10/1999 IJ Order).  The IJ permitted voluntary departure with removal to India if the petitioner did not voluntarily depart. Id.  Singh appealed that order to the Board of Immigration Appeals ("BIA"), which affirmed in 2002. (Doc. 4-2, Resp. Ex. 1, I-213, at 3).  Singh's

motions to reopen the removal proceedings have been repeatedly denied over the last 24 years.[1]

On August 20, 2019, Colonial Regional Police Department arrested Mr. Singh for indecent assault and harassment, and he was convicted on July 14, 2020. Id. The Court of Common Pleas of Northampton County sentenced Mr. Singh to 12 months' probation. Id. The 12-month probationary sentence ended approximately five years ago.

Singh previously spent seven months in immigration detention between September 2020 and April 2021. (Doc. 1, Pet. ¶ 3). On April 8, 2021, ICE released the petitioner on an order for supervision. The government has not supplied that order.[2] From the records provided by Singh, he reported to an ICE facility multiple times per year in 2021, 2022, 2023, 2024, and 2025 without incident. (Doc, 1-2).

In April 2026, Singh was targeted by ICE's Enforcement and Removal Operations Officers as an "HQ priority case[] in ELITE under 'HQ Enforcement

---

[1] Petitioner alleges that he is filing a new I-589 Form to request that his case be reopened to argue his eligibility for asylum due to his political affiliation. (Doc. 1, Pet. ¶ 1).

[2] Specifically, the show cause order in this matter directed the government to provide petitioner's full A-file. (Doc. 2 ¶ 6). In lieu of the full A-file, the court ordered that the government produce all documents within its possession, custody, and control which concerns Singh's more recent immigration proceedings, including the circumstances surrounding his 2020-2021 detention, and which reflect any asserted reason for his continued detention. Id. The government has not complied with this order.

Case Week 04/13/2026.' " (Doc. 4-2, Resp. Ex. 1, I-213, at 2).   Despite such terminology, Singh was not difficult to locate.  Deportation Officers took petitioner into custody at his place of employment. Id.  That same date, on April 15, 2026, ICE revoked Singh's order of supervision, indicating that there was a significant likelihood of his removal to India in the reasonably foreseeable future. (Doc. 4-6, Resp. Ex. 5).

As indicated above, Singh is subject to a final removal order from 24 years ago.  He was detained for removal purposes earlier in this decade.  Thus, 8 U.S.C. § 1231(a)(6) applies to his current detention.

Under Section 1231(a)(6), noncitizens may be detained beyond an initial 90-day removal period.  In Zadvydas v. Davis, the Supreme Court construed the statute to permit detention "only for a period reasonably necessary to secure removal," and recognized a "presumptively reasonable" six-month detention period. 533 U.S. 678, 699, 701 (2001). After six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the [g]overnment must respond with evidence sufficient to rebut that showing." Id. at 701.

Singh has been detained for approximately one month during the current period of detention. He requests that the court aggregate his prior period of

4

detention with his current period of detention to get past the six-month presumptive period.

District courts have split on the issue of whether the presumptively reasonable six-month <u>Zadvydas</u> period is cumulative or whether a new period begins from the time of re-detention. <u>Abuelhawa v. Noem</u>, 811 F. Supp. 3d 847, 856 (S.D. Tex. 2025) (collecting cases). Most courts considering the issue have concluded that the <u>Zadvydas</u> period is cumulative. <u>Id.</u> That alleviates a concern that the government could otherwise detain noncitizens indefinitely by continuously releasing and re-detaining them. <u>Id.</u> As in this case, when faced with a long gap between the detention periods and where the detain and release cycle was not a concern, the <u>Abuelhawa</u> court in the Southern District of Texas applied "a uniform rule that counts and sums prior time in detention[,]" because an individual's liberty was at issue. <u>Id.</u>

The court will not create a uniform rule and place it on top of another judge-made uniform rule. That is, "for the sake of uniform administration in the federal courts," <u>Zadvydas</u> recognized the presumptively reasonable six-month detention period for noncitizens subject to a final order of removal. 533 U.S. at 701. That six-month presumption period was also selected as a benchmark of constitutionality from other contexts. <u>Id.</u> <u>Zadvydas</u>, however, said nothing about that six-month period being cumulative or subject to a reset. Rather, the

5

Supreme Court took a very broad statute and narrowed its scope to avoid violation of the Due Process Clause. See Guerrero-Sanchez v. Warden York Cnty. Prison, 905 F.3d 208, 221 (3d Cir. 2018), abrogated by Johnson v. Arteaga-Martinez, 596 U.S. 573 (2022) (citations omitted).

Petitioner requests that the court adopt an aggregate rule for the calculation of the Zadvydas presumption period.  The court cannot do so.  On at least two occasions, the Supreme Court has faulted Circuit Courts of Appeals for "going significantly further than Zadvydas." Johnson, 596 U.S. at 582 (citing Jennings v. Rodriguez, 583 U.S. 281, 299 (2018)). Therefore, absent additional guidance from a higher court or evidence of the government continuously releasing and re-detaining the petitioner, the court applies Zadvydas in a more confined manner — there must be six months of continuous detention before the presumptively reasonable period ends. See 533 U.S. at 701; see also Jennings, 583 U.S. 843 (noting Zadvydas's "generous application of the constitutional avoidance canon"); Vega v. Tekoh, 597 U.S. 134, 144, 149 (2022) (discussing judge-made "constitutional rules" and applying them only where their benefits outweigh their costs).  Singh's detention is still within the presumptive period.  All the arguments he has supplied with his petition are better considered against a record of recent detention that is longer than one month.

6

Petitioner's other arguments fare no better.  He further argues that the government has not satisfied the regulatory prerequisites for revoking his order of supervision.  The regulation cited by petitioner provides:

> The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future. Thereafter, if the alien is not released from custody following the informal interview provided for in paragraph (h)(3) of this section, the provisions of § 241.4 shall govern the alien's continued detention pending removal.

8 C.F.R. § 241.13(i)(2).

The "changed circumstances," in this case was a determination, after administrative review, that there is a significant likelihood of his removal in the reasonably foreseeable future. (Doc. 6-6, Resp. Ex. 5, Notice of Revocation of Release). This qualifies as "changed circumstances" in any sense of the phrase. If there are indeed no real changed circumstances, as Singh argues, he is not foreclosed from challenging his detention under Zadvydas in the future.

Finally, and independently, Singh argues that his detention has become unreasonably prolonged and violates his right to due process.  He requests that the court apply the factors from German Santos v. Warden Pike County Correctional Facility, 965 F.3d 203 (3d Cir. 2020).  Petitioner, however, has pointed to no authority authorizing application of the German Santos factors to

7

detainees held under 8 U.S.C. § 1231(a)(6).  Under <u>Zadvydas</u> — the applicable decision — Singh's detention has not become unreasonable, and therefore, his petition will be denied.  However, nothing in this order shall preclude the petitioner from relying upon the <u>Zadvydas</u> framework in the future should his detention exceed a reasonable period.

Thus, for the reasons set forth above, it is hereby **ORDERED** that:

1) Pritpal Singh's petition for writ of habeas corpus is **DENIED**; and

2) The Clerk of Court is directed to close this case.

Date: 5/19/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

8